[No. 3,611.]

## JAMES READ v. HERMAN CARUTHERS AND JOHN EDWARDS.

WHEN PRE-EMPTIONER MAY ATTACK PATENT.—A defendant in ejectment, who is in possession as a pre-emptioner under the laws of the United States, may attack a patent given by the State to the plaintiff for the land as swamp and overflowed, by evidence showing that the land is not swamp and overflowed.

NOTICE OF APPLICATION FOR A PATENT.—A provision in a State law for the sale of swamp lands, requiring the Register to publish notice of an application for a patent, in order that adverse claimants may contest, does not require the United States to appear and contest its claim of title with the State.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento. The plaintiff appealed.

The facts are stated in the opinion.

*Heard & McConnell,* for the Appellant.

The judgment of the District Court should be reversed for the admission of the evidence of J. H. Scott and others, tending to show the class of the land—whether swamp and overflowed or not—the effect of the evidence being to contradict the recitals of the patent. (*Doll* v. *Meador,* 16 Cal. 259.) Act "to provide for the management and sale of lands belonging to the State, approved March 28th, 1868," Secs. 5 and 17.)

Prior to the passage of the Act above referred to, no notice of the application for a patent was required by the laws of this State in the purchase of swamp land.

*Robert C. Clark,* for the Respondent.

The Act of 1868 did not change the rule in *Kile* v. *Tubbs*, 23 Cal. 431. Under that Act as under all preceding Acts upon the same subject, "the State is proceeding by herself, and through her own officers, to determine the position and extent of the swamp and overflowed land to which she is entitled, and the General Government is still proceeding, independently of the State Government, to determine the same thing. The General Government is not bound to come in under the Act of 1868, to assert its rights before State officers, nor is it affected in any manner by the adjudication of the State officers under that Act.

If the General Government is not affected thereby, neither can the defendant be affected, inasmuch as he looks to the General Government, and not to the State, for title. (*Patterson* v. *Winn*, 11 Wheaton, 380.)

By the COURT:

The plaintiff, in order to establish his alleged title to the premises, relied upon a State patent issued to one Haugland, in which the lands were described as swamp and overflowed lands.

The defendant was in possession, claiming to occupy the premises as a pre-emptioner under the United States laws, and, against the objection of the plaintiff, he proved that the lands described in the State patent were not, in fact, swamp and overflowed lands within the intent of the Arkansas act. The action of the Court below in permitting the defendant to attack the State patent in this respect is the only supposed error relied upon to reverse the judgment rendered in the case.

It is conceded that, prior to the passage of the act of March 28th, 1868, to provide for the management and sale of the lands belonging to the State (Acts 1867–8, p. 507), a person claiming, as the defendant here claims, was at liberty to assail the State patent in this respect; and such is the doctrine of the cases of *Kile* v. *Tubbs*, 23 Cal. 439; *Kernan* v. *Griffith*, 27 id. 87; and other and later cases cited in the respondent's brief. It is argued for the appellant, however,

that the act of March 28th (*supra*) has wrought a change in this regard, and that the effect of the publication of the notice of application for the patent provided for in the fifth section is to conclude all persons, upon the fact that the lands applied for are swamp and overflowed.

The possession of the defendant being that of a pre-emptioner, and he asserting that the ultimate title is in the United States, it is obvious that the notice authorized by the fifth section of the act referred to effects nothing, unless (as is, indeed, claimed upon the part of the plaintiff) the Government of the United States was thereby cited to appear in the State Land Office and there contest its claim of title with the State, and that for its failure to so appear it has been duly defaulted and concluded—a proposition so clearly untenable as not to merit discussion.

Judgment affirmed.